**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **BRUCE W. FOUTCH, II #B-87933,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-cv-01366-MJR** |
| | ) | |
| **JEREMY ZIMMER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Bruce Foutch, Jr., an inmate who is currently incarcerated at Western Illinois Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Jeremy Zimmer, an officer with the Dupo Police Department in Dupo, Illinois. In the complaint, Plaintiff alleges that Defendant Zimmer caused him to sustain permanent injuries by shooting Plaintiff with a taser gun on July 28, 2013 (Doc. 1, p. 4). Plaintiff now sues Defendant Zimmer for the unconstitutional use of excessive force against him. Plaintiff seeks monetary damages (Doc. 1, p. 5).

### Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).  After carefully considering the allegations, the Court finds that Plaintiff's complaint survives preliminary review under Section 1915A.

## The Complaint

According to the complaint, Plaintiff and a friend stored personal property in the Red Roof Storage Units located in Dupo, Illinois (Doc. 1, p. 4).  The owner allegedly sold this property without their consent.  Upon discovering this, Plaintiff and his friend contacted the Dupo Police Department to report the incident on July 28, 2013.  Defendant Zimmer reported to the facility to take Plaintiff's statement.  While doing so, the storage unit owner also arrived. Plaintiff was involved in a "brief altercation" with the owner (Doc. 1, p. 4).

As Plaintiff headed to his vehicle, Defendant Zimmer used a taser gun to shoot him.   One the gun's prongs became embedded in Plaintiff's forehead, and the other was embedded in his shoulder.   When Defendant Zimmer activated the gun, Plaintiff fell to the ground and hit his head on a rock.   He sustained a skull fracture.

Plaintiff was taken to Barnes-Jewish Hospital in Saint Louis, Missouri.   There, he underwent brain surgery.   A portion of Plaintiff's skull was removed and replaced with three titanium plates.   Plaintiff received thirty-one staples that stretched from his forehead to his ear.   He now has a "major scar, daily headaches, s[ei]zures, and major memory loss" (Doc. 1, p. 4).

Plaintiff sues Defendant Zimmer for the unconstitutional use of excessive force. He seeks monetary damages.

## Discussion

After carefully considering the allegations, the Court finds that the complaint states a colorable excessive force claim (**Count 1**) against Defendant Zimmer.   A claim that excessive force was used by a police officer against a citizen is analyzed under the Fourth Amendment, which prohibits unreasonable searches and seizures of the person.   *U.S. v. Collins*, 714 F.3d 540, 543 (7th Cir. 2013) (citing *Graham v. Connor*, 490 U.S. 386, 394-95 (1989); *Marion v. City of Corydon, Ind.*, 559 F.3d 700, 705 (7th Cir. 2009)).   "Whether the force used to effect a seizure is excessive depends on the totality of circumstances under an objective reasonableness standard."   *Marion*, 559 F.3d at 705.   As the Seventh Circuit explained in *Graham*, "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."   *Id*. (quoting *Graham*, 490 U.S. at 397). *See also Abbott v. Sangamon County, Ill.*, 705 F.3d 706, 725 (7th Cir. 2013) (describing the quantum of force exacted by a taser that is

deployed in dart mode as compared to drive stun mode).  Further, the Seventh Circuit has held that "even though it is generally nonlethal, the use of a taser 'is more than a *de minimus* application of force.'"  *Abbott*, 705 F.3d at 726 (quoting *Lewis v. Downey*, 581 F.3d 467, 475 (7th Cir. 2009)).  At this early stage, the complaint suggests that Defendant Zimmer subjected Plaintiff to excessive force when he used the taser gun in dart mode to shoot Plaintiff in the head and shoulder on July 28, 2013.  Accordingly, Plaintiff shall be allowed to proceed with **Count 1** against Defendant Zimmer.

## Pending Motions

Plaintiff's motion for service of process at government expense (Doc. 3) is hereby **GRANTED**.

Plaintiff's motion for recruitment of counsel (Doc. 6) shall be referred to **United States Magistrate Judge Stephen C. Williams** for further consideration.

## Disposition

As to **COUNT 1**, the Clerk of Court shall prepare for Defendant **ZIMMER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the

4

employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, including a decision on the motion for recruitment of counsel (Doc. 6).

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

5

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 6, 2015**

<u>**s/ MICHAEL J. REAGAN**</u>
**U.S. District Judge**

6