IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRUCE W. FOUTCH, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.   14-1366-MJR-SCW |
| | ) |
| JEREMY ZIMMER, | ) |
| | ) |
| Defendant. | ) |

### ORDER

**WILLIAMS, Magistrate Judge:**

Before the Court is Plaintiff's Motion for Recruitment of Counsel (Doc. 6).[1]  For the reasons set forth below, the Court **DENIES without prejudice** Plaintiff's motion for appointment of counsel (Doc. 6).

A district court "may request an attorney to represent any person unable to afford counsel." **28 U.S.C. § 1915(e)(1)**.  There is no constitutional or statutory right to counsel for a civil litigant, however.  *Stroe v. Immigration and Naturalization Services*, **256 F.3d 498, 500 (7th Cir. 2001);** *Zarnes v. Rhodes*, **64 F.3d 285, 288 (7th Cir. 1995).**   Recruitment of counsel lies within the sound discretion of the trial court.  *See Pruitt v. Mote*, **503 F.3d 647, 654 (7th Cir. 2007) (citing** *Johnson v. Doughty*, **433 F.3d 1001, 1006 (7th Cir. 2006))**.

In determining whether to recruit counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, **503 F.3d at 654 (citing** *Farmer v. Haas*, **990 F.2d 319,**

---

[1] The Court only has the power to attempt to recruit counsel for Plaintiff.   See Ray v. Wexford Health Sources, Inc., No. 12-1774, ---F.3d. ---, 2013 WL 452769 (7th Cir. Feb. 7, 2013).

**321-22 (7th Cir. 1993))**. The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, **503 F.3d at 655.**

The Court finds that Plaintiff has failed to meet his threshold burden of making a "reasonable attempt" to secure counsel. *See Santiago v. Walls*, **599 F.3d 749, 760 (7th Cir. 2010);** *Brock v. Beelman Co.*, **2010 WL 1692769, at * 2 (S.D.Ill. April 27, 2010)**. Plaintiff indicates that his fiancée has contacted two attorneys but there is no indication who those attorneys were or when they were contacted. The Court also notes that the case is in the early stages as Defendant Zimmer has not yet been served or filed an Answer. Consequently, the Court will not recruit counsel to represent Plaintiff at this time. Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to (1) contact at least three attorneys regarding representation in this case prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. Accordingly, Plaintiff's Motion for Recruitment of Counsel (Doc. 6) is **DENIED without prejudice**.

**IT IS SO ORDERED**.

DATED: January 12, 2015

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge